State vs. Floyd and Golding.

No. 6207.

STATE OF LOUISIANA VS. WILLIAM E. FLOYD, TAX-COLLECTOR, AND WILLIAM GOLDING, SURETY.

Defendant, William E. Floyd, tax-collector, being sued for a certain amount due to the State for taxes collected, claims a credit on account of delinquent taxes returned by him as not collected. His right to this credit is disputed on the ground that the list of delinquent taxpayers was not furnished to the parish recorder on the second Monday of December, 1873, as required by law, and that the list is not true.

The delinquent list was furnished to the recorder on the thirtieth of December, 1873. This was a dereliction of duty, but it does not involve pecuniary responsibility, for the question at last, as between the State and the defendant, would not be about the time when the delinquent list was filed, but what was the amount he had failed to account for. This court can not impose a penalty for the mere delay in filing a list when the law does not declare what that penalty shall be.

A tax-collector is not responsible for the amount returned on the delinquent tax-roll, upon the obvious principle that he owes only for the taxes he has collected.

Defendant claims the sum of one hundred and fifty dollars for sales of real estate in the collection of taxes. To this he is entitled. The sales were made and the titles recorded. The State claims that it has the right to determine whether it will approve the same or not. If the sales are not accepted, then the taxes are due on the land; but the defendant has not received them, and he can only be forced to pay what he has collected. If the sales are accepted, then the taxes are paid, and the State has them in the shape of land.

Compensation can not be pleaded by a tax-collector when sued for taxes collected by or chargeable to him. He can only discharge his obligation by paying.

The decision of this court in the case of Hennen vs. New Orleans and Carrollton Railroad Company, 20 An., page 544, relied upon in favor of Golding, the surety, does not apply to the proceedings in this suit. A majority of this court think that the authority quoted refers to and governs proceedings in the courts of this city alone, where by rules of court notice of trial is required, and not to proceedings in the courts of the country parishes, where notice of trial is not shown to be necessary by any rule of court.

APPEAL from the Sixth Judicial District Court, parish of St. Helena. *Kemp*, J. *Charles E. Lea*, District Attorney *pro tem.*, and *Henry C. Dibble*, Assistant Attorney General, for plaintiff and appellee. *Julius E. Wilson, J. A. Addison*, and *Merrick, Race & Foster*, for W. E. Floyd, defendant and appellant.

MORGAN, J. The defendant, Floyd, is sued on an alleged balance of $4700 28 as tax-collector for the parish of St. Helena. Golding is sued as surety on his bond.

The suit was instituted in the parish of St. Helena against both principal and surety. The proceedings commenced by rule, under the provisions of the seventy-ninth section of the act of 1871, p. 125. The rule was fixed for hearing on the fourteenth of October, 1875, at chambers. Service was made on Golding, who did not answer. On the fourteenth of October no action was taken on the rule.

The court met at its regular term on the first Monday in November following. Floyd answered. Golding did not. No judgment by default

42

was taken against him. Judgment was rendered against both defendants. Both have appealed, filing separate transcripts.

We will examine both records together, giving, however, separate judgments in each.

We will first consider Floyd's case. He first excepted to the petition, because he had not, prior to the suit, been published as a defaulter. There is certainly nothing in such an exception to merit any notice. He claims a credit of $3015 on account of delinquent taxes returned by him as not collected. His right to this credit is disputed on the grounds:

First—That the list of delinquent taxpayers was not furnished to the parish recorder on the second Monday of December, 1873, as required by law; and

Second—That the list is not true.

The delinquent list was furnished to the recorder on the thirtieth of December, 1873. This was a dereliction of duty, but it does not involve pecuniary responsibility, for the question at last, as between the State and the defendant, would always be, not when the delinquent list was filed, but what was the amount he had failed to account for, and we can not impose a penalty for the mere delay in filing a list, when the law does not declare what that penalty shall be.

In the case of the parish of West Baton Rouge vs. Morris, not yet reported, Opinion Book 44, p. 415, we held that the tax-collector was not responsible for the amount returned on the delinquent tax-roll, upon the obvious principle that he only owed for the taxes which he had collected. Under that decision, the defendant here is entitled to a credit for the amount of these taxes. He claims $3015 as forming the delinquent list. The amount, however, for which he claims credit is not correct; he includes in his account the poll-tax, which is not debited against him. This tax amounts to three hundred and seventy-six dollars, and must be excluded from his credits.

We also find that he has received from several parties who are returned as delinquents $118 35. This sum must be deducted from his delinquent roll.

He claims credit for nine hundred and seventy-five dollars for blank licenses not issued. But for this amount he is credited on his account. They are not claimed against him. He received them, and they were returned and placed to the credit of his account. He can not have them deducted twice.

He is not entitled to a credit of $168 39 error, as he alleges, in the aggregate amount of taxes charged against him. Experts appointed for that purpose reported that such a discrepancy existed, but they did not take into consideration the list of non-resident taxpayers, which it should

have been in the power of the defendant to produce. We think the amount charged against him correct.

He claims in his answer one hundred and fifty dollars sales of real estate made in the collection of taxes. To this we think he is entitled: The sales were made and the titles recorded. The State claims that it has the right to determine whether it will approve the same or not. If the sales are not accepted, then the taxes are due on the land, but the defendant has not received them, and he can only be forced to pay what he has collected. If the sales are accepted, then the taxes are paid and the State has them in the shape of land. Before us he claims that the record shows sales amounting to $487 61. But he has only claimed a credit for one hundred and fifty dollars, and this is all that we can allow him. To this amount we think he is entitled to credit.

He claims a further credit of $134 80 in compensation of whatever amount may be found to be due by him. The compensation which he pleads is a certificate from the chairman of the committee of the House of Representatives that $134 80 are due him for traveling expenses as a member of a committee of the House of Representatives. The evidence was properly excluded. Compensation can not be pleaded by a tax-collector when sued for taxes collected by or chargeable to him. He can only discharge his obligation by paying.

The account should, we think, be stated as follows:

| | | |
|---|---|---|
| Taxes chargeable to him | | $4700 28 |
| Deduct delinquent list | $2520 65 | |
| Deduct amount of sales | 150 00 | |
| | | 2670 65 |
| Leaving a balance of | | $2029 63 |

for which amount the State should have judgment.

Up to this point, and as to the defendant Floyd, we are all agreed. As to the defendant Golding, there is a difference of opinion between my brethren and myself. Golding is surety on the defendant's bond. Golding resides in New Orleans. Proceedings were commenced against them both by rule. The rule was to be tried at chambers, and out of term time. Both Floyd and Golding were served with copies of the rule. On the day fixed for the trial of the rule nothing was done. No default was taken against Golding. No issue was, in my opinion, joined with him. The case was taken up at the regular term of the court which followed. No notice was given to Golding. He never made any appearance in the proceeding. He was, I think, condemned unheard. I think his case is governed by the decision of this court in the case of Hennen vs. New Orleans and Carrollton Railroad Company, 20 An. 544, in which we said " the plaintiff was entitled to notice of the fixing of a rule which had been continued indefinitely in the same manner as he

would have been entitled to notice of a new rule, and the case should therefore be remanded that the rule may be regularly heard." But a majority of the court think that the authority quoted refers to and governs proceedings in the courts of this city alone, where, by rules of court notice of trial is required, and not to proceedings in the courts in the country, where notice of trial is not shown to be necessary by any rule of court.

If the proceedings had been instituted at a regular term of the court, and if Golding had been properly cited, and issue had been joined with him, I would share in this opinion; but as the proceedings were not instituted at the regular term, as no action whatever was taken on the rule, and when fixed and subsequently tried, without notice and without a joinder of issue, I think that, as to him, it should be remanded. I drew up the decree, however, in accordance with the views of the majority.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be amended so as to reduce the amount of the judgment to $2029 63, with interest as therein stated, and that as thus amended the judgment be affirmed; the costs of the district court to be paid by the defendants, those of this court to be paid by the appellee.

Rehearing refused.